**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re TransMedics Group, Inc. Sec. Litig. | §<br>§<br>§<br>§<br>§ | Civil Action No. 1:25-cv-10385-LTS |

**NON-PARTY THE UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER'S MOTION TO QUASH PEACE OFFICERS' ANNUITY AND BENEFIT FUND OF GEORGIA AND OGUZHAN ALTUN'S SUBPOENA**

## I. INTRODUCTION

Non-party, the University of Texas Southwestern Medical Center (UT Southwestern), by and through the Office of the Attorney General of Texas, pursuant to the Federal Rule of Civil Procedure 45(d)(3), moves this Court to quash the non-party *subpoena duces tecum* (Subpoena) served on UT Southwestern by Peace Officers' Annuity and Benefit Fund of Georgia and Oguzhan Altun (Lead Plaintiffs) on November 3, 2026,[1] attached as Exhibit A. UT Southwestern has also served objections, attached as Exhibit B, on counsels for Lead Plaintiffs simultaneously with the filing of this motion on November 10, 2026.

In the underlying litigation, Lead Plaintiffs allege that TransMedics Group, Inc. (TransMedics) effectively forced hospitals to use its organ transplant services, claiming they were highly cost-effective, while subsequent financial reports asserted that hospitals were being overcharged for overpriced services. TransMedics has a

[1] Subpoena compliance is requested by Veteran's Day, November 11, 2026, a federal holiday. The Office of the Attorney General of Texas is also closed on this day in observance of this federal holiday.

national program (NOP) that bundles services related to organ transplants including the procurement, retrieval, transport, and logistics services in connection with organ care devices (OCS), that are used to preserve the donated organs for transport. Lead Plaintiffs allege UT Southwestern used TransMedics' services and subpoenaed four (4) categories of information, with one category broken into seven (7) discrete subparts, seeking information from a period of more than four years, related to UT Southwestern's alleged use of TransMedics' services.

This Court should quash the Subpoena because the Subpoena: is barred by sovereign immunity; is overbroad and unduly burdensome (the burden and expense of response outweighs the likely benefit to Lead Plaintiffs); and seeks information already available from TransMedics or other sources, including information Lead Plaintiffs may already have obtained in developing and litigating their claims. This Motion is timely filed because it is filed before the November 11, 2026, compliance date. *See* Fed. R. Civ. P. 45(d)(3)(A). Additionally, the Subpoena does not allow UT Southwestern a reasonable time to comply. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

## II. SUMMARY OF THE ARGUMENT

Sovereign immunity protects the State of Texas and its agencies from third-party subpoenas. *Russell v. Jones*, 49 F.4th 507, 514–15 (5th Cir. 2022) (reversing district court order compelling state officials' compliance with non-party subpoenas because "compelled compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake" (citation and internal quotation marks omitted)). "[S]overeign immunity is an immunity from suit (including discovery), not just liability. Where sovereign immunity applies, it applies

totally." *Id.* at 512 (citing *Mitchell v. Forsyth,* 472 U.S. 511 (1985)). In *Russell*, the Fifth Circuit stated that by "compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the 'coercive process of judicial tribunals at the instance of private parties.'" *Russell*, 49 F.4th at 515 (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 58 (1996)). The Subpoena subjects UT Southwestern to the coercive powers of the Court, which is barred by sovereign immunity, and the Court should quash the Subpoena in its entirety.

Even setting sovereign immunity aside, Rule 45(d)(1) requires any party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Lead Plaintiffs failed to follow Federal Rule of Civil Procedure 45(d)(1). The Court should quash Lead Plaintiffs' Subpoena because requiring UT Southwestern to respond within the short time for compliance (one week) is an undue burden on UT Southwestern that would come at a substantial cost to UT Southwestern and the taxpayers of Texas by way of human resources and labor, reduced productivity, and significant disruption to UT Southwestern's operations. To force UT Southwestern to gather, review, redact, and produce potentially voluminous documents in under two weeks constitutes an undue burden. Such burdens should not be borne by a non-party governmental body, especially when the viability of Lead Plaintiffs' claims has yet to be determined.

In the underlying litigation, Lead Plaintiffs allege that TransMedics misrepresented the costs of its services and forced its services upon hospitals claiming it put them in a hostage situation. The Lead Plaintiffs allege that TransMedics

repeatedly held themselves out as cost-efficient while the true costs were astronomical and overvalued their financial success.

The Subpoena was served without regard to the usefulness of the requested information to the litigation, the availability of the information from TransMedics and other sources, including information Lead Plaintiffs may already have obtained in developing and litigating their claims, and the burdens Lead Plaintiffs are attempting to impose on Texas taxpayers and UT Southwestern, requiring UT Southwestern to engage in a mad dash to meet the Lead Plaintiffs' cumbersome deadline. That result is impermissible. Fed. R. Civ. P. 45(d)(3)(A)(iv) (a court "*must* quash or modify a subpoena that . . . subjects a person to undue burden" (emphasis added)).

## III. MOTION TO QUASH

### A. The Subpoena is barred by sovereign immunity.

UT Southwestern, a state agency (Tex. Educ. Code Ann. ch. 74, subch. C), retains sovereign immunity from the Subpoena because the Subpoena does not fall within an express waiver of sovereign immunity under state law. A statute is not to be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. Tex. Gov't Code § 311.034; *cf. Russell*, 49 F.4th at 514-15 (holding, on Eleventh Amendment grounds, that sovereign immunity bars subpoenas issued to the state as a third party because a subpoena is a "coercive judicial process" that implicates "the sovereign's dignity and authority over its prerogatives."). "[A] governmental unit's entitlement to be free from suit is effectively

lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation." *City of Galveston v. Gray,* 93 S.W.3d 587, 591 (Tex. App—Houston [14th Dist.] 2002, pet. denied).

In *Russell*, the Fifth Circuit recognized subpoenas "issue under a court's authority and are enforced by court order. By compelling a state to produce its papers, a *subpoena duces tecum* subjects a sovereign to the coercive process of judicial tribunals at the instance of private parties." *Russell,* 49 F.4th at 515 (citation and internal quotation marks omitted). "[W]here a sovereign is otherwise entitled to immunity, that immunity extends to third-party subpoenas." *Id.* at 517. Therefore, "compelled compliance with a *subpoena duces tecum* violates the inviolable sovereignty retained by the states in the Constitution's wake." *Id.* at 515 (citation and internal quotation marks omitted).

This court is bound by Fifth Circuit precedent. *Marks v. City of Manvel*, No. 3:24-cv-00243, 2025 WL 3440690, at *2 n.3 (S.D. Tex. Dec. 1, 2025) (stating that the court is required to follow binding Fifth Circuit precedent until the Fifth Circuit or the Supreme Court overturns it, finding that *Russell* is directly on point.) These rules are equally applicable to the Subpoena issued in the underlying litigation. "[T]he Federal Rules are designed to ensure that district courts remain firmly in control of those depositions and document productions involving nonparties located in their districts." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468 (6th Cir. 2006). Accordingly, the Fifth Circuit's holding in *Russell* applies to shield UT Southwestern from the Subpoena.

There has been no waiver or abrogation of UT Southwestern's sovereign immunity, and in light of the protections immunity offers, this Court may not compel UT Southwestern's compliance with the Subpoena. Accordingly, this Court should quash the Subpoena in its entirety. *See e.g., TexasLDPC, Inc. v. Broadcom, Inc.*, Misc. No. 4:22-CV-01780, 2023 WL 3293292, at *2 (S.D. Tex. May 5, 2023) (quashing third-party subpoena to Texas state agency because "[a]s an agency of the State of Texas, TAMUS enjoys immunity from suit (including discovery) in federal court." (citing *Sullivan v. Texas A&M Univ. Sys.*, 986 F.3d 593, 595 (5th Cir. 2021)); *Thompson v, Richter*, No. 7:22-cv-00014-O, 2023 WL 7986341, at *2 (N.D. Tex. Nov. 17, 2023) (quashing third-party subpoena served upon the Texas Department of Public Safety because "compelling DPS compliance with the third-party subpoenas violates sovereign immunity").

In a recent case, *Fischman v. Epic Systems Corporation*, this court found that UT Southwestern still enjoys state sovereign immunity under *Russell* and granted UT Southwestern's motion to quash under Fed. R. Civ. P. 45(d)(3). *See Fischman v. Epic Systems Corporation,* No. 3:26-CV-0770-D, 2026 WL 2937870, at *1 (N.D. Tex. Sept. 30, 2026). The Plaintiff sued Epic Systems Corporation (Epic) alleging that its software was responsible for the death of the Plaintiff's father who had been receiving care at UT Southwestern. *Id.* at *1. Plaintiff served UT Southwestern with a subpoena requesting "documents and electronically stored information concerning [patient's] medical record, the Epic's system as configured and used in his care, and related clinical, operational, technical, and governance materials issued by

[UT Southwestern].” *Id.* Plaintiff alleged he needed the information sought by this request to determine the roles of Epic and UT Southwestern in the patient’s death. *Id.* Deciding the merits of the motion by briefing without oral argument, the court ruled that district courts have consistently used *Russell* to quash subpoenas seeking non-party discovery from the State. *Id.* at *2 (*citing Marks*, 2025 WL 3440690, at *2) (granting motion to quash non-party subpoena based on state sovereign immunity); *United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-002-Z, 2022 WL 21758612, at *3 (N.D. Tex. Dec. 6, 2022); *B&C KB Holding GMBH v. Tchr. Ret. Sys. of Tex.*, No. 1:23-MC-529-RP, 2024 WL 420161, at *1 (W.D. Tex. Feb. 2, 2024) (adopting report recommending the same); *TexasLDPC, Inc.*, 2023 WL 3293291, at *2 (S.D. Tex. May 5, 2023) (holding same); *Thompson*, 2025 WL 1233519, at *2 (5th Cir. Apr. 29, 2025) (per curiam) (affirming same). This court applied *Russell* consistently to protect the State of Texas and its agencies from this third-party discovery request. *Fischman.*, at *2. The court stated that it is not important what the purpose is of the subpoena, but that “the controlling question is whether the non-party subpoena coerces the state.” *Id.* at *3 (citing *Russell*, 49 F.4th at 514). In this case, the Subpoena does exactly that—it attempts to coerce an agency of the State, UT Southwestern. There is no reason for this court not to apply *Russell* again here to quash this non-party Subpoena.

**B. The Subpoena is overbroad and unduly burdensome.**

Even if the Court failed to recognize that sovereign immunity bars the Subpoena, the Court nonetheless should quash the Subpoena as overbroad and

unduly burdensome. Fed. R. Civ. P. 45(d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required *must* quash or modify a subpoena that . . . subjects a person to undue burden." (emphasis added)).

**1. The applicable standards require that the Subpoena be quashed.**

In considering a motion to quash, courts balance the needs of the requesting party against the burdens imposed on the person responding to the subpoena, and "the status of that person as a non-party is a factor." *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *accord Whole Woman's Health v. Smith*, 896 F.3d 362 (5th Cir. 2018) (reversing district court's denial of non-party's motion to quash where non-party had already produced documents, in part because additional information would be of limited use to party that issued subpoena). "[C]ourts must give the recipient's non-party status special weight, leading to an even more demanding and sensitive inquiry than the one governing discovery generally." *Virginia Dept. of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation and internal quotation marks omitted).

Where the balance tips in favor of the person responding to a subpoena, "a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion." *Dennis v. United*

*States*, No. 3:16-cv-3148-G-BN, 2017 WL 4778708, at *4 (N.D. Tex. Oct. 23, 2017) (citing *Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, (5th Cir. 2011)).

While the party seeking to quash a subpoena bears the initial burden, the party who issued the subpoena has the burden of "establish[ing] a need for the breadth of the information sought, in response to [a non-party's] *prima facie* showing that discovery would be burdensome." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 425 (Fed. Cir. 1993). The party seeking discovery also has the burden of demonstrating its relevance. *American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999). Lead Plaintiffs cannot meet these burdens, and the Subpoena should be quashed.

**2. The Subpoena is overbroad and unduly burdensome.**

As an initial matter, the Subpoena is overbroad on its face. "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (footnotes and internal quotation marks omitted). A subpoena is facially overbroad when it effectively requests all information in the non-party's possession concerning the underlying litigation. *MetroPCS v. Thomas*, 327 F.R.D. 600, 610 (N.D. Tex. 2018) ("Courts have found that a subpoena for documents from a non-party is facially overbroad where the subpoena's document requests seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date; [t]he requests are not particularized; and [t]he

period covered by the requests is unlimited." (internal citation omitted)).

The Subpoena seeks all of the information in UT Southwestern's possession concerning TransMedics' services—the focus of the underlying litigation—for a four-year period, and is therefore, facially overbroad. The Court should quash the Subpoena for this reason alone.

In addition, the burdens on UT Southwestern to comply with the Subpoena would be extreme and require the following efforts on or before November 11, 2026:

- Locate, review, and produce an extraordinarily broad universe of documents and data in UT Southwestern's possession concerning TransMedics and its organ-transplant products and services;
- Locate, review, and produce documents covering a time period of almost four years;
- Divert personnel and institutional resources from UT Southwestern's operations;
- Sort through voluminous non-responsive, privileged, and confidential material, including but not limited to protected health information (PHI);
- Devote valuable employee time and resources to gathering, reviewing, and redacting sensitive and confidential information, including PHI; and
- Locate, review, and produce materials already in the possession, custody, or control of TransMedics or otherwise obtainable from more convenient, less burdensome, or less expensive sources.

Lead Plaintiffs made no effort to tailor the Subpoena to avoid imposing an undue burden on UT Southwestern. Instead, the Subpoena covers all available information over four years to corroborate Lead Plaintiffs' allegations. UT Southwestern cannot reasonably comply with the Subpoena. Listed above are the very burdens that both Rule 45 and the doctrine of sovereign immunity are intended to prevent. *Russell*, 49 F.4th at 515 (sovereign immunity "aims to prevent the

indignity of subjecting a state to the coercive process of judicial tribunals at the instance of private parties. These interests—the sovereign's dignity and authority over its prerogatives—are no less interesting when a sovereign is served with a *subpoena duces tecum* instead of a complaint."); *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) ("Although a plaintiff should not be denied access to information necessary to establish [its] claim, neither may a plaintiff be permitted to 'go fishing.'"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty . . . .").

For Lead Plaintiffs to say, "give us everything you have on TransMedics dating back four years," is an impermissible attempt to shift to UT Southwestern, and the taxpayers of Texas, the burden and expense of developing evidence to support Lead Plaintiffs' claims. *Surles*, 474 F.3d at 305. Further, complying with the Subpoena would impose a substantial expense upon a non-party, governmental entity and its taxpayers which is not justified by the needs of private individuals. Accordingly, the Subpoena should be quashed.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons discussed above, non-party UT Southwestern respectfully asks the Court to quash the Subpoena and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

WILLIAM D. WASSDORF
Deputy Attorney General for Civil Litigation

MELISSA JUAREZ
Deputy Chief, Administrative Law Division

*<u>/s/ Alexander R. Comsudi</u>*
ALEXANDER R. COMSUDI
Assistant Attorney General
State Bar No. 24087006
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-3204
Facsimile: (512) 320-0167
Alexanderraymond.Comsudi@oag.texas.gov

**ATTORNEYS FOR NON-PARTY UT SOUTHWESTERN**

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2026, a true and correct copy of the above and foregoing document was served on the following via electronic service and/or electronic mail:

Amanda F. Lawrence
BBO# 568737
Daniella Chuka (pro hac vice)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
156 S. Main Street, P.O. Box 192
Colchester, CT 06415
Tel.: (860) 537-5537
Fax: (860) 537-4432
alawrence@scott-scott.com
dchuka@scott-scott.com

Lana V. Levin (pro hac vice)
SCOTT+SCOTT
ATTORNEYS AT LAW LLP
The Helmsley Building
230 Park Avenue, 24th Floor
New York, NY 10169
Tel.: (212) 223-6444
Fax: (212) 223-6334
llevin@scott-scott.com

Joshua H. Saltzman (pro hac vice)
SAXENA WHITE P.A.
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
jsaltzman@saxenawhite.com

PLAINTIFF'S COUNSEL

Brian J. Schall (pro hac vice forthcoming)
SCHALL, BROWN & SCHWARTZ
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel.: (310) 301-3335
Fax: (310) 388-0192
brian@schallfirm.com

ADDITIONAL COUNSEL FOR OGUZHAN ALTUN

*/s/Alexander R. Comsudi*
ALEXANDER R. COMSUDI
Assistant Attorney General